FILED

2015 MAR 16 PM 3:12

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

Plaintiff
Ernie Tran
126 ½ S Wetherly Dr
Los Angeles, CA 90048
ernietran@gmail.com
424-335-8838

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ERNIE TRAN,

      Plaintiff,

v.

Law Office of Rosen & Loeb; Unifund CCR, LLC Defendants

      Defendant.

CASE NO. CV15-01935 ODW (MRWx)

**Complaint For Damages**

**Jury Trial Demanded**

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The

CASE NO.

1. Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Ernie Tran, ("Plaintiff"), brings this action to challenge the actions of Law Office of Rosen & Loeb ("Defendant Rosen & Loeb") and Unifund CCR, LLC, ("Defendant Unifund CCR, LLC "),(collectively "Defendants") with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8. Any and all violations alleged against Defendant Rosen & Loeb are imputed to Defendant Unifund CCR, LLC under the theory of vicarious liability, because the actions undertaken by Defendant Rosen & Loeb were an attempt to collect the alleged debt by an attorney's office on behalf of Defendant Unifund CCR, LLC

9. All violations alleged under the FCRA, FDCPA and Rosenthal Act are alleged against all Defendants.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendants' violations of the 15 U.S.C. § 1681 et seq. ("FCRA") Fair Credit Reporting Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

12. Because Defendants do business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c).

14. Defendants conduct business in Los Angeles County and are subject to personal jurisdiction in Los Angeles County, therefore Defendants reside in this judicial district pursuant to 28 U.S.C. § 1391(c).

## PARTIES

15. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

17. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code §1788.2(h).

CASE NO.

18. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

19. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

20. Sometime before July 16, 2008, Plaintiff is alleged to have incurred certain financial obligations.

21. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

22. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

23. Sometime thereafter, but before June 26, 2007, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

24. Subsequently, but before July 16, 2008, the alleged debt was assigned, placed, or otherwise transferred, to Unifund CCR, LLC for collection.

25. On or about June 22, 2007, Defendants mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter.

26. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

27. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

28. On or about January 22, 2010 Defendant Unifund CCR, LLC, through Defendant Rosen & Loeb, filed a state court collection case against Plaintiff seeking to collect the alleged debt in Orange County Superior Court, case number 30-2008-00043344-CL-CL-CJC.

29. In its state court complaint, Defendants requested attorneys fees as well as interest on the alleged debt, without alleging any cause of action supporting such requests. Therefore, Defendants were attempting to collect unauthorized fees and costs.

30. Defendants maintained this unauthorized request for attorney fees and costs throughout litigation of the state court action, and again demanded attorney fees and costs in a Declaration of Authorized Agent in Lieu of Live Testimony pursuant to C.C.P. § 98 signed in October 2010, and subsequently mailed to Plaintiff on November 1, 2010.

31. Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendants violated 15 U.S.C. § 1692f.

32. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

33. Through this conduct, Defendants were collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendants violated 15 U.S.C. § 1692f(1).

34. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

35. Through this conduct, Defendants falsely represented that the debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges when, in fact, such fees or charges could not legally be added to the existing obligation. Consequently, Defendants violated Cal. Civ. Code § 1788.13(e).

36. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

37. Through this conduct, Defendants made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

38. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

39. Through this conduct, Defendants made a false representation of a service rendered or compensation which may be lawfully received concerning the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e(2)(B).

40. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION

### COUNT I
**FAIR CREDIT REPORTING ACT (FCRA) 15 U.S.C. §§ 1681 ET SEQ.**

41. Defendants placed inquiry onto Plaintiff's TransUnion credit report on or about October 2, 2014 (see Exhibit A), which is in violation of 15 U.S.C. § 1681b(a)(3)(F). , Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1681n(a).

### COUNT II
**FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)15 U.S.C. §§ 1692 ET SEQ.**

42. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

43. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

44. As a result of each and every violation of the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e(2) (B).CPA, Plaintiff is entitled to statutory damages in an amount up

to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## COUNT III
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT) CAL. CIV. CODE §§ 1788-1788.32

45. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

46. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

47. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and
- An award of costs of litigation and reasonable fees, pursuant to Cal. Civ. Code § 1788.30(c).

48. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Ernie Tran
126 ½ S Wetherly Dr
Los Angeles, CA 90048
ernietran@gmail.com
424-335-8838

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA    )
COUNTY OF LOS ANGELES  )

Plaintiff, Ernie Tran, states as follows:

1. I am the Plaintiff in this civil proceeding.

2. This civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

3. This civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

4. I have filed this Complaint in good faith and solely for the purposes set forth in it.

5. Each and every exhibit I have provided or attached to this Complaint is a true and correct copy of the original.

6. Except for clearly indicated redactions made where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some have my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Ernie Tran, hereby declare under penalty of perjury that the foregoing is true, correct and materially complete.

By: _____
    Ernie Tran

DATE: 3/11/15

CASE NO.

# Exhibit "A"

**TU INTERACTIVE/CAP 1**
100 CROSS ST
STE 202
SAN LUIS OBISP, CA 93401
(805) 782-8282

**Requested On:** 10/02/2014, 09/12/2014
**Permissible Purpose:** CREDIT MONITORING

**UNIFUND**
10625 TECHWOODS CI
CINCINNATI, OH 45242
(888) 384-8134

**Requested On:** 10/02/2014

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself [X] )
Ernie Tran
126 1/2 S Wetherly Dr
Los Angeles, CA 90048    424-335-8838

**DEFENDANTS** ( Check box if you are representing yourself [ ] )
Law Office of Rosen & Loeb; Unifund CCR Partners, LLC

**(b) County of Residence of First Listed Plaintiff**   Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant**   Los Angeles
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- [ ] 1. U.S. Government Plaintiff
- [ ] 2. U.S. Government Defendant
- [X] 3. Federal Question (U.S. Government Not a Party)
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business in this State | [X] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

- [X] 1. Original Proceeding
- [ ] 2. Removed from State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Reinstated or Reopened
- [ ] 5. Transferred from Another District (Specify)
- [ ] 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes [ ] No  (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [X] No    [X] **MONEY DEMANDED IN COMPLAINT:** $ 3,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Debt Collection Practices Act

**VII. NATURE OF SUIT** (Place an X in one box only).

| | | | | | |
|---|---|---|---|---|---|
| [ ] 375 False Claims Act | [ ] 110 Insurance | [ ] 240 Torts to Land | [ ] 462 Naturalization Application | **Habeas Corpus:** | [ ] 820 Copyrights |
| [ ] 400 State Reapportionment | [ ] 120 Marine | [ ] 245 Tort Product Liability | [ ] 465 Other Immigration Actions | [ ] 463 Alien Detainee | [ ] 830 Patent |
| [ ] 410 Antitrust | [ ] 130 Miller Act | [ ] 290 All Other Real Property | | [ ] 510 Motions to Vacate Sentence | [ ] 840 Trademark |
| [ ] 430 Banks and Banking | [ ] 140 Negotiable Instrument | | | [ ] 530 General | |
| [ ] 450 Commerce/ICC Rates/Etc. | [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 310 Airplane | [ ] 370 Other Fraud | [ ] 535 Death Penalty | [ ] 861 HIA (1395ff) |
| [ ] 460 Deportation | | [ ] 315 Airplane Product Liability | [ ] 371 Truth in Lending | [ ] 540 Mandamus/Other | [ ] 862 Black Lung (923) |
| [ ] 470 Racketeer Influenced & Corrupt Org. | [ ] 151 Medicare Act | [ ] 320 Assault, Libel & Slander | [ ] 380 Other Personal Property Damage | [ ] 550 Civil Rights | [ ] 863 DIWC/DIWW (405 (g)) |
| [ ] 480 Consumer Credit | [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.) | [ ] 330 Fed. Employers' Liability | [ ] 385 Property Damage Product Liability | [ ] 555 Prison Condition | [ ] 864 SSID Title XVI |
| [ ] 490 Cable/Sat TV | | | | [ ] 560 Civil Detainee Conditions of Confinement | [ ] 865 RSI (405 (g)) |
| [ ] 850 Securities/Commodities/Exchange | [ ] 153 Recovery of Overpayment of Vet. Benefits | [ ] 340 Marine | [ ] 422 Appeal 28 USC 158 | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [X] 890 Other Statutory Actions | | [ ] 345 Marine Product Liability | [ ] 423 Withdrawal 28 USC 157 | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 871 IRS-Third Party 26 USC 7609 |
| [ ] 891 Agricultural Acts | [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | | [ ] 690 Other | |
| [ ] 893 Environmental Matters | [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | [ ] 440 Other Civil Rights | | |
| [ ] 895 Freedom of Info. Act | [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 441 Voting | [ ] 710 Fair Labor Standards Act | |
| [ ] 896 Arbitration | [ ] 196 Franchise | [ ] 362 Personal Injury-Med Malpratice | [ ] 442 Employment | [ ] 720 Labor/Mgmt. Relations | |
| [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision | [ ] 210 Land Condemnation | [ ] 365 Personal Injury-Product Liability | [ ] 443 Housing/Accommodations | [ ] 740 Railway Labor Act | |
| | | [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability | [ ] 445 American with Disabilities-Employment | [ ] 751 Family and Medical Leave Act | |
| [ ] 950 Constitutionality of State Statutes | [ ] 220 Foreclosure | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 446 American with Disabilities-Other | [ ] 790 Other Labor Litigation | |
| | [ ] 230 Rent Lease & Ejectment | | [ ] 448 Education | [ ] 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**    Case Number:    **CV15-01935**

CV-71 (10/14)                    **CIVIL COVER SHEET**                    Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court?<br>☐ Yes ☒ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br>☐ Yes ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question B.2. |
| | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br>☐ Yes ☒ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☒ NO. Continue to Question C.2. |
| | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>check one of the boxes to the right ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☒ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| D.1. Is there at least one answer in Column A?<br>☐ Yes ☒ No<br><br>If "yes," your case will initially be assigned to the<br>**SOUTHERN DIVISION.**<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | D.2. Is there at least one answer in Column B?<br>☐ Yes ☒ No<br><br>If "yes," your case will initially be assigned to the<br>**EASTERN DIVISION.**<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | Western |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

CV-71 (10/14)          CIVIL COVER SHEET          Page 2 of 3

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court? ☒ NO ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed in this court? ☒ NO ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** *Ernie Tran* DATE: 3/11/15

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |